UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kevin Akinjobi,<br>  Plaintiff,<br><br>    v.<br><br>Pegasus Steel, LLC,<br>  Defendant. | Case No.:  2:22-CV-4634-DCN-MGB<br><br>**Complaint**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.,* and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, 42 U.S.C. §1981 have occurred or been complied with.

  a. A charge of employment discrimination on basis of racial discrimination, retaliation and unequal pay was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC").

  b. Notification of the Right to Sue was received from the South Carolina Equal employment Opportunity Commission ("EEOC") on or about September 30, 2022.

  c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3. Plaintiff, Kevin Akinjobi, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Pegasus Steel, LLC, upon information and belief, is a domestic corporation organized and operating in the State of South Carolina in this judicial circuit.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about May 2, 2016, Plaintiff, African American, began working for Defendant at a Welder/Fabricator.

11. During Plaintiff's employment with Defendant, Plaintiff received good performance evaluations, satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

12. Beginning on or about April 13, 2021, Plaintiff was subjected to racial discrimination by Plaintiff's Supervisor, Mike Cavanaugh, and Defendant's Human Resources Director, Porsha Sisk, for allegedly performing a task incorrectly.

13. Caucasian coworkers, Brian Rogers and Greg Hamby, that performed tasks incorrectly were reprimanded, and only got a manager's warning with no suspension or reduction of pay.

14. Mr. Cavanaugh and Ms. Sisk informed Plaintiff that he was being suspended one week without pay, and that he was going to lose his certification for 90 days, which also meant he would be making $1.00 less an hour. Plaintiff pointed out inequity in treatment. In order for Plaintiff to regain his $1.00 an hour pay he needed to retake the certification class/test after his 90 days.

15. Plaintiff reported to Mr. Cavanaugh and Ms. Sisk that he did not agree with the suspension, loss of certification, and the loss of $1.00 per hour for 90 days. Plaintiff was threatened to execute the disciplinary forms, and told if he didn't execute, he would be terminated.

16. Plaintiff was retaliated against when Defendant reduced his pay, suspended Plaintiff for a week with no pay, and revoked his certification for 90 days, when other similarly situated Caucasian employees were only presented with a warning and were not suspended nor received a reduction in pay.

17. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination and detrimental treatment from occurring and to stop it once the behavior had been reported by the Plaintiff.

19. Despite his reporting the behavior, Defendant did not take appropriate action to resolve the problems. On or about April 23, 2021, Plaintiff was constructively discharged due to the discrimination and unbearable conditions including the reduction of pay.

## FOR A FIRST CAUSE OF ACTION
## RACIAL DISCRIMINATION

20. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

21. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was and was retaliated against based on his race in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

22. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff and other African American employees; and

   b. In retaliating against Plaintiff due to his race and in retaliation for filing reports of the discrimination.

23. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

24. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

25. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

## FOR A SECOND CAUSE OF ACTION
## RETAILIATION

26. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

27. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions as well as other positions and was an exemplary employee in all respects.

28. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

29. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

### REQUEST FOR RELIEF

30. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

31. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities.

32. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant for embarrassment, humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/ Kindrea N. Wilson*
Kindrea N. Wilson (Fed. I.D. #13786)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
December 22, 2022

4